# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

JEROME C.,

                Plaintiff,

v.                                                    CIVIL ACTION NO.   2:24-cv-00593

FRANK BISIGNANO,
*Acting Commissioner of Social Security,*

                Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Jerome Cyfers' ("Plaintiff") Request for Judgment on the Pleadings, (ECF No. 6), and Defendant Frank Bisignano, Commissioner of Social Security's ("Defendant") Request for Judgment on the Pleadings, (ECF No. 7).   By standing order, this matter was referred to United States Magistrate Judge Joseph K. Reeder for submission of proposed findings and a recommendation ("PF&R").   (ECF No. 3.)   Magistrate Judge Reeder entered the PF&R on September 16, 2025.   (ECF No. 10.)   Plaintiff filed a single objection to the PF&R on September 30, 2025.   (ECF No. 11.)

Pursuant to Fed. R. Civ. P. 72(b), the Court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made."   However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 149–50

1

(1985).  After reviewing de novo the portion of the Magistrate Judge's PF&R to which Plaintiff properly objected, the Court finds that his objection lacks merit.

For the reasons discussed below, the Court **OVERRULES** Plaintiff's objection, (ECF No. 11), **ADOPTS** the **PF&R**, (ECF No. 10), **GRANTS** Defendant's Request for Judgment on the Pleadings, (ECF No. 7), **DENIES** Plaintiff's Request for Judgment on the Pleadings, (ECF No. 6), and **AFFIRMS** the Commissioner's decision.  This civil action is **DISMISSED WITH PREJUDICE** and the Court **DIRECTS** the Clerk to remove this case from the Court's active docket.

## I.    BACKGROUND

A detailed recitation of the facts in this case can be found in Magistrate Judge Reeder's previous PF&R, (ECF No. 10 at 2–6), and therefore need not be repeated here.  The Court will provide a discussion of any relevant facts as necessary throughout this opinion to resolve Plaintiff's objections.

## II.    LEGAL STANDARD

Under 42 U.S.C. § 405(g), the Court's review of the Commissioner's denial of benefits is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard."  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Id.* (internal quotation marks omitted).  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the

[Commissioner]." *Id.* Consequently, even if the Court would have reached a different decision, it must nonetheless defer to the conclusions of the Administrative Law Judge ("ALJ") if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir.1987).

### III.     DISCUSSION

Plaintiff's sole objection alleges that Magistrate Judge Reeder incorrectly found that the ALJ's error was harmless. (ECF No. 11 at 1–2.) The Magistrate Judge found that the ALJ committed harmless error in the ALJ's formulation of Plaintiff's residual functional capacity ("RFC"), specifically regarding his use of a cane. (*See* ECF No. 11 at 1.) The ALJ determined that, among other limitations, Plaintiff had the RFC to perform light work with the use of a cane for ambulation exceeding 100 feet on level terrain and when walking on uneven terrain. (ECF No. 5 at 40.) Given this RFC, the ALJ found that Plaintiff could perform his past work as a telephone representative and therefore was not disabled under the Social Security Act. (*Id*. at 47.) Magistrate Judge Reeder acknowledged that the ALJ did not sufficiently explain how she arrived at this limitation yet concluded that any deficiency constituted harmless error, because Plaintiff's cane use did not affect whether he could perform his past relevant work, and thus did not impact the ultimate disability determination. (ECF No. 10 at 15.)

A claimant's RFC is "the most [a claimant] can still do despite his limitations" and is determined by assessing and scrutinizing all of the relevant evidence in the case record. 20 C.F.R. § 404.1545(a)(1), (a)(3). A proper RFC analysis has three components: "(1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019). Simply

put, this means an ALJ must "[s]how [his] work." *Patterson v. Comm'r of SSA*, 846 F.3d 656, 663 (4th Cir. 2017).

A vocational expert's ("VE") testimony is relevant to assessing a Claimant's RFC during steps four and five of the sequential disability analysis—whether the claimant can perform her past relevant work or other kinds of work. *See McPherson v. Astrue*, 605 F. Supp. 2d 744, 760 (S.D. W. Va. 2009). VEs serve the function of identifying jobs in the national economy that could be performed by the claimant notwithstanding the claimant's impairments. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir.1989). To be helpful, the VE's opinion must be "in response to proper hypothetical questions which fairly set out all of [a] claimant's impairments." *Id.* A hypothetical question is proper if it adequately reflects a claimant's RFC for which the ALJ had sufficient evidence. *Johnson v. Barnhart,* 434 F.3d 650, 659 (4th Cir.2005).

Obviously, the hypothetical questions presented to the VE are highly dependent on the ALJ's findings of severe impairments. *McPherson*, 605 F. Supp. 2d at 760. In this action, Plaintiff faults the ALJ for not questioning the VE about the impact of Plaintiff's cane limitations. (*See* ECF No. 11 at 1–2.) Plaintiff specifically notes that the ALJ did not clarify whether Plaintiff required a cane for balance, for transitions from sitting to standing, or the frequency in which Plaintiff relies on a cane. (*Id.*) According to Plaintiff, this omission was not harmless, because it could have impacted Plaintiff's ability to perform the adopted RFC and, in turn, the disability finding. (*Id.* at 3.) The Court disagrees.

First, the ALJ expressly considered Plaintiff's cane use and reasonably concluded that additional cane-related limitations were not supported by the record. In the ALJ's ultimate decision, she acknowledged that Plaintiff had been prescribed a cane due to his knee impairment

and considered his testimony regarding difficulty he experienced standing and walking and how he required a cane at all times. (ECF No. 5 at 41.) The ALJ contrasted this evidence with findings from a physical consultative examination in which Plaintiff was observed to have a normal gait, full strength, and carried his cane rather than using it at all times. (*Id*. at 43.) Based on this evidence, the ALJ found Plaintiff's testimony that he required a cane at all times to be inconsistent with the medical record and concluded that no additional cane-related limitations were warranted. (*See id*. at 44.) The ALJ was entitled to base her determination in part on the consultative examiner's findings. *See Richardson v. Perales*, 402 U.S. 389, 408 (1971) (Assessments of examining physicians may constitute substantial evidence in support of a finding of non-disability).

Because the ALJ found there was insufficient evidence to support further cane limitations, she was not obligated to include such limitations in her RFC determination or in the hypothetical questions posed to the VE. *See McPherson* 605 F. Supp. 2d at 761 ("The ALJ is under no duty to present the VE with hypothetical questions that include [a claimant's] claimed impairments if the ALJ has found those impairments to be not severe or not credible."); *see also Farnsworth v. Astrue*, 604 F. Supp. 2d 828, 837 (N.D. W. Va. 2009) (Finding that a hypothetical question is fair if it informs the vocational expert of what the claimant's abilities and limitations are, even if every limitation is not listed).

Second, regarding Plaintiff's acknowledged severe impairments, the ALJ's questions properly presented those limitations. At the determination hearing, the ALJ questioned Plaintiff extensively about his pain, feelings of weakness, neuropathy, numbness, his cane prescription, the duration and frequency of his cane use, and his ability to sit, stand, and walk for extended periods

of time.  (ECF No. 5 at 66–73.)  Plaintiff's counsel also conducted an examination concerning Plaintiff's physical symptoms and limitations.  (*Id*. at 73–80.)

In posing hypotheticals to the VE, the ALJ asked whether Plaintiff's past relevant work would remain obtainable if the individual required the use of a cane for walking more than 100 feet on level terrain or when walking on uneven terrain.  (*Id*. at 83.)  Based on this hypothetical, the VE testified Plaintiff could perform past work as a telephone representative.  (*Id*.)  The ALJ then added an additional limitation, restricting the individual to sedentary work with certain exertional and non-exertional limitations and the "use of a cane," and again the VE testified that Plaintiff could perform his past work.  (*Id*.)

Although Plaintiff's counsel raised additional hypotheticals to the VE, he did not ask the VE to further modify the hypothetical to account for purported additional limitations caused by Plaintiff's use of a cane which Plaintiff now contends exist.  (*Id*. at 84.)  Thus, Plaintiff had ample opportunity to raise issues with the characterization of Plaintiff's cane use to the VE and to clarify what it meant to the ALJ and failed to do so.  *See Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (ALJ's questioning of the vocational expert was sufficient given the claimant's opportunity for cross-examination of the expert); *Ragsdale v. Shalala*, 53 F.3d 816 (7th Cir. 1995) (a claimant who cross-examines the vocational expert should raise any issues he believes were not properly included in the hypothetical).

In sum, both the ALJ and the VE understood that Plaintiff used a cane to ambulate, and this limitation was included in the RFC and the hypothetical posed to the VE.  Any additional limitations allegedly arising from cane use were not supported by the medical evidence[1]  nor raised

---

[1]Endocrinology visits note an unsteady gait and cane use (*see* ECF No. 5-1 at 68); psychiatry visits typically indicate his gait is steady with the cane (*see* ECF No. 5-1 at 160); and a consultative examination indicated Plaintiff was not

during the administrative hearing. Because the ALJ's hypothetical to the VE fairly sets out Plaintiff's limitations, substantial evidence supported the ALJ's determination that Plaintiff could perform his past relevant work and thus was not disabled under the Act. Accordingly, the Commissioner's decision should be affirmed. Any failure to further articulate the precise basis for the cane limitation was, at most, harmless error, as Plaintiff's cane use did not preclude performance of his past relevant work.

### IV.     CONCLUSION

The Court **OVERRULES** Plaintiff's objection, (ECF No. 11), **ADOPTS** the **PF&R**, (ECF No. 10), **GRANTS** Defendant's Request for Judgment on the Pleadings, (ECF No. 7), **DENIES** Plaintiff's Request for Judgment on the Pleadings, (ECF No. 6), and **AFFIRMS** the Commissioner's decision. This civil action is **DISMISSED WITH PREJUDICE** and the Court **DIRECTS** the Clerk to remove this case from the Court's active docket.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 20, 2026

---

wholly dependent on a cane for ambulation (*see* ECF No. 5-1 at 27.) Where the record reflects variability in Plaintiff's gait and cane usage, the ALJ resolved these conflicts by limiting Plaintiff to light work with extensive additional restrictions, including the use of a cane for prolonged ambulation and the ability to alternate between sitting and standing at his workstation. It is not within this Court's purview to second guess that decision. *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].")

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

8